IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                                    22-CR-6003-FPG

JASON SIPLIN, JR. a/k/a Mush,

Defendant.

---

## PLEA AGREEMENT

The defendant, JASON SIPLIN, JR. a/k/a Mush, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to waive indictment and to plead guilty to a one-count Information which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, five kilograms or more of cocaine, and cocaine base), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of life imprisonment, a fine of $10,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant will also admit the Forfeiture Allegation in the Information which alleges that $63,099 in United States currency is subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 853(a)(1) and 853(a)(2).

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

4. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute and/or to distribute a mixture or substance containing a controlled substance;

   b. that the defendant knew of the existence of the agreement;

   c. that the defendant intended to participate in the unlawful agreement; and

   d. that at least 5 kilograms of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

2

a. From in or about August 2020, through and including on or about May 19, 2021, in the Western District of New York, and elsewhere, the defendant, JASON SIPLIN, JR. a/k/a Mush, conspired and agreed with Jason Siplin, Ernest Gamble, Lytrice Jackson, Timothy Granison, and others known and unknown, to (1) possess with intent to distribute, and to distribute, 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance; and (2) to possess with intent to distribute, and distribute, cocaine base, a Schedule II controlled substance.

b. The defendant was a member of a drug trafficking organization led by Jason Siplin (SIPLIN DTO), that distributed large quantities of cocaine and cocaine base in the City of Rochester, in the Western District of New York, from at least August 2020 through May 19, 2021. The group sold large quantities of cocaine base out a drug house located at 230 Glenwood Avenue, Rochester, New York. Siplin would obtain bulk quantities of cocaine from his suppliers, approximately one kilogram per week during this time period. Siplin would store bulk quantities of cocaine at 62 Clifton Street, Rochester, New York, and with other members of the conspiracy. Siplin would cook the cocaine at 62 Clifton Street and other locations in Rochester, New York, in order to transform the substance into cocaine base. The cocaine base was then sold out of 230 Glenwood Avenue, by Siplin and other members of the conspiracy. The defendant – along with Ernest Gamble, Lytrice Jackson, and others known and unknown – were among the co-conspirators that would package and sell cocaine base from 230 Glenwood Avenue on behalf of the SIPLIN DTO. The defendant would also assist the SIPLIN DTO by resupplying 230 Glenwood Avenue with cocaine and cocaine base when the drug house would run low or out of narcotics. The defendant had access to the stash house located at 62 Clifton Street. When 230 Glenwood Avenue needed to be resupplied, the defendant would obtain bulk quantities at 62 Clifton Street and then bring those drugs to 230 Glenwood Avenue. For his efforts in furtherance of the conspiracy, the defendant was compensated in United States currency.

c. On or about May 19, 2021, law enforcement executed a series of search warrants at locations significant to the SIPLIN DTO, including 230 Glenwood Avenue. When the location was breached, several members of the conspiracy were encountered. All of these individuals were located on the second floor of the house. Once the location was secured a thorough search was conducted. Approximately 94 baggies of cocaine base were recovered throughout the premises, some of which were recovered from the upstairs toilet. Numerous digital scales commonly used to package narcotics were recovered from the premises along with new and unused packaging materials. United States currency was

    located throughout 230 Glenwood Avenue and on individuals taken into custody during the execution of the warrant. In total, $10,888.00 in United States currency was seized by law enforcement during the execution of this warrant. The defendant admits that the United States currency recovered from 230 Glenwood Avenue were proceeds from the sale of cocaine and cocaine base out of 230 Glenwood Avenue.

d.    On May 19, 2021, the defendant was located in his Nissan Sentra (NY Registration HUT4236) as he drove away from his residence of 2013 Norton Street, Rochester, New York. Law enforcement stopped the defendant in his vehicle and proceeded to execute search warrants for 2013 Norton Street, the defendant's vehicles and the defendant's person. In total, $63,099.00 in United States currency was recovered from the Nissan Sentra and the defendant's person, which money represented proceeds of the defendant's drug trafficking activities. In total, approximately 42 grams of cocaine and 197 grams of cocaine base were recovered from the defendant's person, the Nissan Sentra, a Subaru Outback (New York Registration KJT1874) and 2013 Norton Street. A large quantity of the recovered cocaine base was found in the basement of 2013 Norton Street, packaged for street-level distribution. A large amount of new and unused drug packaging materials were also recovered from the basement of this location. The defendant admits and agrees that he maintained the premises located at 2013 Norton Street for the purpose of storing, packaging, and/or preparing, and/or distributing controlled substances.

e.    On May 19, 2021, a search warrant was also executed at the SIPLIN DTO's stash house located at 62 Clifton Street, Rochester, New York. In addition to a large quantity of drug trafficking paraphernalia, law enforcement recovered approximately 947 grams of cocaine and 379 grams of cocaine base.

f.    Approximately ten (10) kilograms of a mixture or substance containing cocaine base and approximately one (1) kilogram of cocaine are the amounts involved in the defendant's relevant conduct encompassed in the Information, which could be readily proven by the government at trial or at a sentencing hearing. These amounts include the conversion of $73,769.00 into one and one-half (1.5) kilograms of cocaine base. The parties agree that, based on the Drug Conversion Tables of the Sentencing Guidelines, the amounts of cocaine and cocaine base that could be readily proven by the government at trial or at a sentencing hearing against the defendant is the equivalent of at least 30,000 kilograms but less than 90,000 kilograms of Converted Drug Weight.

### III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(2) apply to the offense of conviction and provide for a base offense level of 36.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

8. The government and the defendant agree that the following specific offense characteristic does apply:

   a. the two-level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance); and

   b. the two-level decrease pursuant to Guidelines § 2D1.1(b)(18) (safety valve).

### ACCEPTANCE OF RESPONSIBILITY

9. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 33.

## CRIMINAL HISTORY CATEGORY

10. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11. It is the understanding of the government and the defendant that, with a total offense level of 33 and criminal history category of I, the defendant's sentencing range would be **a term of imprisonment of 135 to 168 months, a fine of $35,000 to $10,000,000, and a period of supervised release of 5 years**. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

12. The Department of Justice supports the elimination of the powder-to-crack disparity, and therefore, the government will not oppose the Court's consideration of that fact under Title 18, United States Code, § 3553(a). As a result, if the cocaine base involved in this case is treated as cocaine, with a total offense level of 27 and criminal history category of I, the defendant's sentencing range would be **a term of imprisonment of 70 to 87 months imprisonment, a fine of $25,000 to $10,000,000, and a period of supervised release of 5 years**.

13. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

14. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

15. In the event the Court contemplates any Guidelines adjustments, departures, or calculations different from those agreed to by the parties above, the parties reserve the right to answer any inquiries by the Court concerning the same.

### IV. STATUTE OF LIMITATIONS

16. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period

of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

17. The defendant represents that he is a citizen of the United States. However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement, including the amount of a fine and/or the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the Criminal Complaint pending against the defendant under Magistrate's No. 21-MJ-612.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 12 above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.  FORFEITURE PROVISIONS

24. As a condition of the guilty plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to Title 21, United States Code, Section 853, which was or is in the possession and control of the defendant or the defendant's nominees. That property includes:

   a. the sum of approximately $63,099 in United States currency seized on or about May 19, 2021, during the execution of a search warrant for a Nissan Sentra, bearing New York registration HUT4236, and the defendant's person, in Rochester, New York.

25. The defendant agrees that the property listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853. The defendant agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government. In addition, the defendant agrees not to contest the forfeiture of the property referred to above in any ancillary proceeding and will not file any petitions or claims with regard to the aforementioned property and will not assist any third parties in the filing of any petitions or claims in any ancillary proceeding.

26. After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary Order of Forfeiture for the property listed above. The defendant hereby waives any right to

notice of such Preliminary Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order of Forfeiture and a Final Order of Forfeiture shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. Forfeiture of any property under this agreement shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## IX. TOTAL AGREEMENT AND AFFIRMATIONS

28. This plea agreement represents the total agreement between the defendant, **JASON SIPLIN, JR. a/k/a Mush**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY: _____
MATTHEW T. MCGRATH
Assistant U.S. Attorney
Dated: ~~July~~ August 2, 2022

I, **JASON SIPLIN, JR.**, have read this agreement, which consists of pages 1 through 12. I have had a full opportunity to discuss this agreement with my attorney, Kevin A. Morabito, Esq. I agree that it represents the total agreement reached between me and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JASON SIPLIN, JR.
Defendant

Dated: ~~July~~ August 2, 2022

_____
KEVIN A. MORABITO, ESQ.
Attorney for the Defendant

Dated: ~~July~~ August 2, 2022

12